UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ELLEN MAKAREVICH,<br>       Plaintiff,<br><br>       v.<br><br>SANOFI,<br>       Defendant. | **CIVIL ACTION**<br>**No. 25-12543-IT** |

MEMORANDUM AND ORDER
February 23, 2026

For the reasons set forth below, the court denies Plaintiff Ellen Makarevich's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. No. 2] and dismisses this action as frivolous.

## Background

Plaintiff Ellen Makarevich, proceeding *pro se*, filed a Complaint [Doc. No. 1] with an Application to Proceed in District Court without Prepaying Fees or Costs [Doc. No. 2]. She asserts that this court has diversity jurisdiction over her claims against Defendant Sanofi, *id.* at ¶ II(B) (basis for jurisdiction), and claims violations of six Massachusetts statutes: (1) Mass. Gen. Laws. c. 214, § 1B (right to privacy); (2) Mass. Gen. Laws. c. 272, § 99 (wiretapping); (3) Mass. Gen. Laws. c. 265, § 43 (stalking); (4) Mass. Gen. Laws. c. 209A, § 1 (abuse prevention); (5) Mass. Gen. Laws. c. 265, §§ 50-59 (human trafficking); and (6) Mass. Gen. Laws. c. 275, § 2 (proceeding to prevent a crime), *id.* at ¶ II(A).[1]

---

[1] Plaintiff subsequently filed an Amended Complaint [Doc. No. 7] stating that "[s]ince the filing of the original complaint, Defendant has continued the conduct described therein, resulting in additional harm to Plaintiff." *See* Am. Compl. at ¶ 2. A party may amend a Complaint once as a matter of course prior to certain events not at issue here. Fed. R. Civ. P. 15(a). But an amended

**Motion for Leave to Proceed *In Forma Pauperis***

In order to seek leave to proceed *in forma pauperis*, a litigant must submit an affidavit that includes a statement of all assets such [person] possesses [showing] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). One does not have to be "absolutely destitute" to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Rather, the litigant must show the litigant cannot pay the filing fee "and still be able to provide [her]self and dependents with the necessities of life." *Id.* "In assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'" *Fridman v. City of New York*, 195 F.Supp.2d 534, 536 (S.D.N.Y. 2002). "Leave to proceed *in forma pauperis* is a privilege, not a right." *Druhan v. Moderna, Inc.*, No. 24-CV-11304-IT, 2024 WL 3596220, at *1 (D. Mass. July 31, 2024) (citing cases).

Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. No. 2] states that she is unemployed. But Plaintiff has not answered the six "yes" or "no" Questions 3(a) – (f) as to the sources of any other income. Plaintiff also wrote "N/a" in response to Questions 6, 7 and 8 which ask about her monthly expenses, dependents, and debts.

In failing to answer these questions, Plaintiff has not provided a complete statement of her income and expenses and has not demonstrated that paying the filing fee would require her to

---

pleading supersedes the original pleading and may not simply incorporate earlier allegations by reference. Here, if the court treats the Amended Complaint as the operative pleading without reference to the earlier Complaint, it fails as a stand-alone pleading. Alternatively, the court may also "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented" Fed. R. Civ. P. 15(d). Because Plaintiff is proceeding *pro se*, the court treats the original Complaint as the operative complaint, with the Amended Complaint as a supplemental pleading.

forego the necessities of life. Accordingly, the court will deny the application to proceed in district court without prepaying fees or costs.

## Screening of the Complaint

The court has an independent obligation to inquire, *sua sponte*, into its subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). In addition, federal courts possess certain "'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Those powers include the power to dismiss frivolous or malicious actions, regardless of the status of the filing fee. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307-308 (1989); *Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985). As used in this context, "frivolous" does not refer to the subjective intent of a plaintiff. *Axcella Building Realty Trust v. Thompson*, No. 23-40151-DHH, 2024 WL 474539, at n. 2 (D. Mass. Jan. 25, 2024). "Rather, in legal parlance, a complaint is 'frivolous' if it 'lacks an arguable basis either in law or in fact.'" *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

In conducting this review, the court liberally construes plaintiff's complaint because she is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## Discussion

Plaintiff alleges that this court has diversity jurisdiction where she is a citizen of Massachusetts, Sanofi is a citizen of France, and the amount in controversy is more than $75,000. *See* Compl. ¶ II [Doc. No. 1]. At this stage, "[i]t is plaintiff's burden . . . to allege with

sufficient particularity the facts creating jurisdiction[.]" Anderson v. Vagaro, Inc., 57 F.4th 11, 15 (1st Cir. 2023) (quoting St. Paul Mercury Indemnity Co. v. Red Cab. Co., 303 U.S. 283, 287 n.10 (1938). Plaintiff claims that Sanofi owes her various categories of damages estimated at up to $500,000, plus punitive damages of between $1 million and $40 million, *id.* at ¶ II(C)(3), but has provided no factual allegations to support this claimed amount of damages.

The complaint also fails to state a legal claim that Plaintiff may bring in this court. As to abuse prevention, this federal court is the incorrect venue, as any claim "shall be filed, heard and determined in the superior court department or the Boston municipal court department or respective divisions of the probate and family or district court departments having venue over the plaintiff's residence." Mass. Gen. Laws. c. 209A, § 2. As to Plaintiff's claims concerning stalking and proceedings to prevent a crime, these claims either are, or involve, criminal offenses. Plaintiff cannot proceed on claims under Mass. Gen. Laws. c. 265, § 43 (stalking), and Mass. Gen. Laws. c. 275, § 2 (proceeding to prevent a crime), because there is no private right of action for criminal statues in the absence of clear congressional intent. *Mohammed v. Universal Prot. Serv., LLC*, No. 24-CV-11066-AK, 2024 WL 3677653, at *1 (D. Mass. Aug. 6, 2024). No such clear congressional intent exists here.

Nor has Plaintiff alleged a sufficient factual basis to state plausible claims. Plaintiff asserts that the Defendant "has failed to remit payment to the Plaintiff for the period of occupancy from 5/2/25 to 9/11/25 (currently under consideration)." *Id.* at ¶ III. She states that the Defendant "has not provided the requested affidavit" and that "Defendant's excessive fixation has rendered the Plaintiff's employment in other ventures and related contracts legally untenable." *Id.* These allegations are too vague to survive screening.

4

In her Amended Complaint [Doc. No. 7], Plaintiff asserts that "Defendant has maintained an excessive one-way or coercive telepathic connection," that "this situation renders [her] employment elsewhere illegal," and that "[t]he Plaintiff has been waiting for the black box to disappear, which has been a distraction initiated by the Defendant's conduct." *Id.* (emphasis omitted). Again, these factual allegations do not support a claim for relief.

Finally, Plaintiff has filed a document titled "Supplemental Statement Clarifying Lawsuit Description" in which she seeks "to clarify the nature and scope of the allegations in the above-captioned matter, and to contextualize the claims within a broader patter of ongoing conduct involving related parties and proceedings." Supplemental Statement 1 [Doc. No. 14]. Despite devoting fifteen pages to the effort, and submitting a 173 page exhibit, the filing still fails to state facts that could support a legal claim.

## Order

Accordingly, it is hereby ORDERED that:

1. The Application to Proceed Without Prepayment of Fees [#2] is denied.

2. The action is dismissed without prejudice for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

3. Plaintiff's Motion for Summary Judgment [Doc. No. 10] and Motion for Summary Judgment [#13] are terminated as moot.

SO ORDERED.

February 23, 2026

/s/ Indira Talwani
UNITED STATES DISTRICT JUDGE